502 So.2d 930 (1987)
The SARASOTA HERALD-TRIBUNE, A DIVISION OF the NEW YORK TIMES COMPANY, a New York Corporation, Petitioner,
v.
J.T.J., a Minor and the Honorable Kirby Sullivan, Respondents.
No. 86-2795.
District Court of Appeal of Florida, Second District.
January 9, 1987.
Rehearing Denied February 24, 1987.
George K. Rahdert and Bonita M. Riggens of Rahdert, Acosta & Dickson, P.A., St. Petersburg, for petitioner.
Leonard M. Johnson of Oaks and Johnson, Punta Gorda, for respondent J.T.J.
Jim Smith, Atty. Gen., Tallahassee, and James A. Young, Asst. Atty. Gen., Tampa, for respondent Sullivan.
SANDERLIN, Judge.
The Sarasota Herald-Tribune petitions this court for emergency review of an order entered by the respondent judge forbidding the press from publishing the names of a minor victim and a juvenile defendant. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.100(d).
On June 17, 1986, J.T.J. shot and killed his minor brother. Following the incident, the sheriff's department issued a press release identifying the minors by name. The case has received considerable local publicity. In accounts of the incident, at least five different newspaper articles have published both the minors' names.
On October 30, 1986, immediately prior to J.T.J.'s adjudicatory hearing, Judge Kirby *931 Sullivan made the following announcement:
We did discuss briefly a few matters involving the press, which includes television. And that there are to be no picture taking in the courtroom, no photos, and also the various names of the persons involved, are not to be discussed. Anybody have any questions about the specific aspects, if you would please let us know, I will take it up with the attorneys. No photographs and no names. This would be under penalty of contempt.
The order was not reduced to writing. The sua sponte order was made following a hearing held by the court with counsel for the state and defense. While the hearing apparently dealt with matters involving the press and publicity, there was no representative of the news media present at the meeting. In fact, no notice of the meeting was given to any member of the news media. Notice must be given to at least one representative of the local news media when a motion for closure is filed and when it is heard by the court. Miami Herald Publishing Co. v. Lewis, 426 So.2d 1, 8 (Fla. 1982).
We have concluded that procedural due process was lacking. The right of the press to be heard at a closure hearing is an established fact. As stated in Miami Herald Publishing Co. v. Lewis, 426 So.2d 1 (Fla. 1982):
The news media has been the public surrogate in the issue of courtroom closure. Therefore, the news media must be given an opportunity to be heard on the question of closure prior to the court's decision. Implicit in the right of the members of the news media to be present and to be heard is the right to be notified that a motion for closure is under consideration.
Id. at 7.
We grant the petition and quash the order which was entered without proper notice and hearing. See Times Publishing Co. v. Penick, 433 So.2d 1281, 1285 (Fla. 2d DCA 1983).
DANAHY, C.J., and RYDER, J., concur.