JOANOS, Judge.
Appellants appeal a non-final order which enjoined them from continuing to broadcast a political advertisement in the final weeks of an election campaign. We have jurisdiction pursuant to rule 9.130(a)(3)(B).[1] We agree with appellants that the injunction constitutes an unconstitutional prior restraint of speech and therefore reverse.
On October 31, 1994, the Florida Democratic Party and Florida Democratic Party Executive Committee filed an action for emergency injunctive and declaratory relief to stop television broadcast of two political advertisements purchased by the Republican Party of Florida.[2] The advertisements were directed to state cabinet races in the upcoming election, and made negative remarks about each of the Democratic candidates. The Democratic Party asserted that since each of the opposing Republican candidates for cabinet office had previously accepted the maximum allowable contributions under chapter 106, these ads constituted illegal campaign contributions. See sections 106.011(3), 106.08(2)(b), Fla.Stat.
Judge Steinmeyer held an emergency hearing on November 1,1994. He ruled that the court had jurisdiction, but that the Democratic Party should first pursue remedies before the Florida Elections Commission (“Commission”). On November 2, the Democratic Party obtained an emergency telephonic hearing before the Commission. Tapes of the advertisements were played for the commissioners and argument was presented.[3] The Commission voted 3-2 to find probable cause of violation of certain provisions of chapter 106. The Democratic Party returned to circuit court on that same day, November 2, and obtained a hearing before *655 Judge Padovano (Judge Steinmeyer was unavailable temporarily).
At hearing before Judge Padovano, the Democratic Party contended that the ads were illegal campaign contributions. The court was provided the exhibits showing contributions to the candidates’ campaigns and documenting the television purchases, and a transcript of the motion, made and passed during the Commission hearing, that a finding of probable cause be made. The Republican Party argued that the ads were voter mobilization efforts under 106.08(2)(b)2.; that the Democratic Party was not the proper party to enforce section 106.27, and the Commission had filed no pleadings yet; and that while a probable cause determination had been made, no evidence had been taken yet. Judge Padovano noted that the Commission had directed their attorney to seek an injunction, and expressed the concern that if he denied the injunction “it would completely render the authority of the Elections Commission for naught. Because they would then be entering a ruling about something that they perceive to be illegal, or at least presumptively illegal, and there would be no remedy in the Court.”
Judge Padovano enjoined broadcast of the ads until November 4, when the matter was scheduled to come before Judge Steinmeyer again. At that time, the Commission was permitted to intervene, and ultimately, the circuit court determined the Commission, rather than the Democratic Party, was the proper party to seek the injunction under section 106.27(2).
At the hearing before Judge Steinmeyer on November 4, once again documentation was presented to show that the ads had been purchased by the Republican Party of Florida, the cost of the ads, and to show that previous contributions had been made by the Republican party to each of the Republican candidates for cabinet positions, indicating that if the ads were contributions, then under the campaign finance law, they exceeded the limit of allowable contributions. The court was also provided a complete transcript of the Commission probable cause hearing, tapes of the ads were played, and argument was presented.
Judge Steinmeyer entered a temporary injunction under section 106.27(2), prohibiting the Republican Party from broadcasting the advertisements, finding that the issue was not one of First Amendment proportions. On December 1, 1994, Judge Steinmeyer entered a supplemental temporary injunction after hearing a motion for reconsideration. At that time, the court indicated the basis for issuing the injunction was not just that the Commission had found probable cause; in addition, it appeared to the court that there had been a violation of the campaign finance law. “I would not be comfortable with an order that said any time the Elections Commission comes in with an order of probable cause, I’ll issue a temporary injunction.”
Appellants argue that the trial court erred in concluding the ease was not of First Amendment proportions, contending that it involves core political speech, and that the injunction was an illegal prior restraint. Additionally, appellants contend the Commission’s probable cause finding was not a sufficient basis for imposing a temporary injunction [4] and note particularly the absence of a finding of irreparable harm. Appellants assert that the statutory requirement of a “proper showing” for issuance of an injunction must be interpreted and applied in a manner that satisfies fundamental constitutional guarantees; here, the request for injunction should have been subject to strict scrutiny; and that test is not satisfied by a Commission probable cause finding. Further, there were no compelling circumstances to justify suppression of expression, and the requirements for prior restraint were not met. Appellants have not challenged the facial constitutionality of the statute in this case.
The Commission contends the evidence showed the ads were contributions, not voter mobilization efforts as argued below by appellants; that limitations on contributions *656 “entail only a marginal restriction upon the contributor’s ability to engage in free communication,” citing Buckley v. Valeo, 424 U.S. 1, 21, 96 S.Ct. 612, 685, 46 L.Ed.2d 659 (1976); and that the ads were not independent expenditures, which require heightened scrutiny under Buckley, because they did not contain the disclaimer required by 106.071(1) and because there was no evidence that notice was given the candidates as required by 106.085(1).
The Commission further argues the test to be met is whether the injunction was reasonably related to a legitimate governmental interest, and assert that it is undisputed the campaign financing law is related to a legitimate, if not compelling, state interest. The Commission further contends that in section 106.27(2), the legislature altered common law requirements for injunctions by dispensing with the irreparable injury requirement, thus the evidence submitted and the Commission’s probable cause finding provided a “proper showing” that the appellants were about to commit a violation of the campaign contribution limit. Finally, the Commission contends that absent any cases interpreting the Florida campaign financing act on this issue, the injunction issued here is consistent with the standards set by the Federal Election Campaign Act, citing Federal Election Commission v. Furgatch, 869 F.2d 1256 (9th Cir. 1989).[5]
Appellee Democratic Party contends the lower court properly determined the issue is not one of First Amendment proportions; rather, the issue is whether the contributions made violated Florida’s campaign finance law, in that appellants had already contributed the maximum allowable amount to the six Republican candidates for cabinet offices, and no further contributions were legal. The Democratic Party contends the ads were clearly contributions, and appellant waived any challenge to the constitutionality of sections 106.08 and 106.33[6]; thus the only question was whether the purchase of the ads was in violation of the campaign finance laws. The Democratic Party reminds this court that in State v. Dodd, 561 So.2d 263 (Fla. 1990), the Florida Supreme Court stated that the campaign financing act could be construed as embodying a compelling state interest, and argues that a proper showing was made to continue the injunction.
Further, the Democratic Party asserts appellants offered no evidence to refute the proof of excessive contributions, and given the plain wording of 106.27, irreparable harm need not be shown — the Commission had a clear legal right to injunctive relief. The Democratic Party argues that if appellants arguments are accepted, the Commission will not be able to discharge its obligation to protect the integrity of the electoral process — because of the time parameters of the Administrative Procedure Act, anyone could violate the contribution limits during the closing days of a campaign and the state would not be able to prevent even the most blatant violation.
Appellants reply that only the Elections Commission can determine the character of the ads and whether they violate the elections code, and that is not the question here; rather the question is under what circumstances an injunction may be imposed. Appellants point out that there has been no suggestion the ads are untruthful or misleading, yet courts have denied injunctions even when confronted with allegedly untruthful political advertisements because they would constitute prior restraints, citing Wilson v. Superior Court, 13 Cal.3d 652, 119 Cal.Rptr. 468, 532 P.2d 116 (1975), and Guste v. Connick, 515 So .2d 436 (La.1987).
The competing interests involved in this case are the preservation of the integrity of the electoral process and the guarantee of freedom of expression, which “has its fullest and most urgent application precisely to the *657 conduct of campaigns for political office.” Buckley, 424 U.S. at 15, 96 S.Ct. at 632, citing Monitor Patriot Co. v. Roy, 401 U.S. 265, 91 S.Ct. 621, 28 L.Ed.2d 35 (1971).[7] In Buckley, the Court recognized that limits on campaign contributions and expenditures both implicate First Amendment interests, 424 U.S. at 24, 96 S.Ct. at 637. In addition, “[a]t this point in time, there is no question that ‘the use of funds to support a political candidate is “speech,” ’ ” State v. Dodd, 561 So.2d at 264. Thus, we cannot agree with the trial court’s conclusion that this case is not one of First Amendment proportions.
The answer to the issue presented in this case is not found in Buckley or in Dodd. Whole limitations on campaign contributions have been recognized as constitutionally permissible, the issue here is not the validity of campaign contribution limits. The issue is whether broadcast of a political advertisement may be enjoined on the theory that it is an illegal campaign contribution. Neither Buckley nor Dodd involved attempts to enjoin violations of the law.
If only the direct contribution of funds were involved and the only decision to be made were simply whether an intended expenditure would exceed a specific dollar amount, the result might be different. Under such circumstances, perhaps a temporary injunction could issue, “since the expression rests solely on the undifferentiated, symbolic act of contributing” and “involves little direct restraint on [the contributor’s] political communication,” in the words of the Buckley Court, 424 U.S. at 21, 96 S.Ct. at 635. However, this case is more complex because in its attempt to determine whether an illegal campaign contribution has been made in the present context, the court is required to analyze the substance and content of the proposed communication, not just make a factual determination as to the amount of funds expended. We conclude the issuance of an injunction under such circumstances constitutes an unconstitutional prior restraint of speech. Our freedom of speech is much too important to permit such prior restraint under the circumstances.
“[P]rior restraints on speech and publication are the most serious and least tolerable infringement on First Amendment rights.” Nebraska Press Association v. Stuart, 427 U.S. 539, 559, 96 S.Ct. 2791, 2803, 49 L.Ed.2d 683 (1976). A prior restraint is “one of the most extraordinary remedies known to our jurisprudence.” 427 U.S. at 562, 96 S.Ct. at 2804. Prior restraints on expression are presumptively unconstitutional, and the proponent bears a heavy burden to overcome that presumption by demonstrating justification for such a restraint. 427 U.S. at 559, 96 S.Ct. at 2802. It has been said that the need for prior restraint must be “manifestly overwhelming.” See Jacksonville Television, Inc. v. Florida Department of Health and Rehabilitative Services, 659 So.2d 316 (Fla. 1st DCA 1994), and Florida Publishing Co. v. Brooke, 576 So.2d 842 (Fla. 1st DCA 1991), citing Landmark Communications, Inc. v. Virginia, 435 U.S. 829, 849, 98 S.Ct. 1535, 1546, 56 L.Ed.2d 1, 17 (1978) (Stewart, J., concurring). Appellees have not met their heavy burden in this case.
Appellees’ primary argument as to the need to enforce the law through injunction has been that there will be no remedy for a campaign financing violation that occurs close in time to an election because the administrative process of obtaining a final determination from the Elections Commission takes too long. However, the cases on prior restraint dictate that it is usually preferable to punish any violation after the fact when First Amendment freedoms are concerned. See Southeastern Promotions, Ltd. v. Conrad, 420 U.S. 546, 559, 95 S.Ct. 1239, 1246, 43 L.Ed.2d 448 (1975). We believe that for any violation that occurred here, the statute provides an adequate alternative to prior restraint in the form of fines and possible criminal prosecution.
REVERSED.
BOOTH and WOLF, JJ., concur.

. Appellants have notified the court that the Elections Commission has subsequently found no willful violation of the campaign financing law, which means the injunction has, or will soon be, dissolved. However, we believe the issue involved in this matter is one "capable of repetition, yet evading review,” Nebraska Press Ass’n. v. Stuart, 427 U.S. 539, 96 S.Ct. 2791, 49 L.Ed.2d 683 (1976), and therefore appropriately addressed at this time.

. The text of the commercials was as follows:
Advertisement # 1
ANNOUNCER: Ron Saunders, Bob Crawford, Doug Jamerson, Tallahassee insiders that you need to vote out.
Saunders pleaded no contest and was fined for failing to disclose trips paid for by lobbyists; Crawford handed out State jobs to friends, relatives, and political cronies; and under Jamerson, Florida ranks at the bottom of the nation in the number of students graduating from high school
The best way to clean out their mess is to clear them out. Please vote Republican in State Cabinet races on November 8th.
Advertisement # 2
ANNOUNCER: Gerald Lewis, Bill Nelson, Bob Butterworth, political insiders that you need to vote out.
Lewis, the State Legislature has begun impeachment proceedings against him for his dealings with a corrupt savings and loan; Nelson, as a Congressman for twelve years, voted against investigations of Congress and his colleagues; and under Butterworth, Florida ranks number one in the nation of violent crime.
The best way to clean up their mess is to clear them out. Please vote Republican in State Cabinet races on November 8th.

.Copies of exhibits which had been provided to the circuit court were also provided to the Commission’s attorney at this time. These exhibits consisted of copies of chapters 103 and 106, Division of Elections reports reflecting contributions by the Republican parly to Republican cabinet candidates, documentation of television buys by the Republican party and committees, and a Commission report regarding Mortham exceeding the $50,000 limit.

. Appellants assert that a probable cause finding by the commission is an inadequate basis for an injunction to issue. We note that Judge Stein-meyer specifically stated he based his decision on more that just the Commission's probable cause finding.

. That case is not particularly persuasive because the injunction issued there was based on a previous final determination that there had been a violation of the election law; the injunction prohibited future similar violations. And the case was remanded for several reasons.

. Appellee asserts that appellant has not challenged the constitutionality of the statute in this action; however, it is the order of injunction that is subject to challenge as a prior restraint. What constitutes a "proper showing” under the statute depends on what is permissible in the particular circumstances.

. The Supreme Court recently reaffirmed this principle in McIntyre v. Ohio Elections Commission, — U.S. -, 115 S.Ct. 1511, 131 L.Ed.2d 426 (1995).