698 So.2d 321 (1997)
Julie C. STANFIELD, Appellant,
v.
FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES and Guardian ad litem Program of Monroe County, Appellees.
No. 96-3259.
District Court of Appeal of Florida, Third District.
August 6, 1997.
Jerold Feuer, Miami; George L. Metcalfe, Coral Gables, for appellant.
Leighton G. Morse, Key West, and Lawrence J. Stein, and Robin H. Greene, Key West, for appellees.
Before SCHWARTZ, C.J., and JORGENSON and LEVY, JJ.
PER CURIAM.
This case arises in the context of an action to terminate parental rights and involves two minor children. The adult halfsister of the children appeals from an injunctive order entered by the trial court which enjoins her from disclosing information about the case to the media or any other person. For the reasons contained herein, we reverse the trial court's order.
The interested parties and participants in this action to terminate parental rights include the Department of Children and Family Services (formerly the Department of Health and Rehabilitative Services, and hereinafter referred to as "the Department"), the Guardian ad Litem, and Julie Stanfield (the adult half-sister of the two children, hereinafter referred to as "Stanfield" or the "Appellant"). The Appellant resides in Texas. Proceedings relating to the termination of parental rights are governed by Chapter 39 of the Florida Statutes which provide that records filed with the court, as well as information collected by state employees who work on the case, remain confidential.[1]
*322 On September 20, 1996, the parties and participants appeared before the trial court judge for a scheduled hearing. It was brought to the attention of the trial court that statements by Stanfield about the case were quoted in a newspaper article. It was also determined that the Appellant had written letters to legislators regarding the case, and had disseminated information about the case to members of her church in Texas, who, in turn, wrote letters to legislators. The trial court heard argument from counsel for the Guardian ad Litem, counsel for the Department, and counsel for the Appellant. The trial court ruled that an injunctive order was appropriate. Near the end of the hearing, the trial judge stated:
The parties, specifically Ms. Stanfield, is ordered not to discuss the termination of parental rights in this case, the dependency matter involved in this case, with media, or with any other third parties, other than her lawyer. The identity of these children are not to be disclosed to anyone.
Accordingly, on October 21, 1996, the trial court entered a written order entitled, "Restraining Order." The text of that order states:
1. The parties and participants herein and most specifically Julie Stanfield and her counsel, shall not discuss the underlying facts of the instant case including the identities of the children as styled above with any third party or counsel not participants in this action.
2. All parties are hereby admonished that the provisions of Chapter 39 relating to the confidential nature of dependency and termination of parental rights actions must be strictly adhered [sic] and observed by all.
Stanfield now appeals the entry of the restraining order on various grounds.[2] Our authority to review such an injunction lies in Rule 9.130(a)(3)(B) of the Florida Rules of Appellate Procedure.[3] For the following reasons, we reverse the order.
The trial court did not have the authority to enter the injunction, or "gag order" that it entered, particularly regarding non-parties such as the Appellant herein. As a source of authority for the order, the trial court relies on "the provisions of Chapter 39 relating to the confidential nature of dependency and termination of parental rights actions." However, nothing in Chapter 39 of the Florida Statutes supports the restraining order directed at the Appellant. Subsection 39.471(3) of the Florida Statutes provides that court records filed in the context of a termination of parental rights action are to be kept confidential.[4] Subsection 39.411(3) which governs dependency proceedings tracks the language of 39.471(3). Nothing in the record in the instant case indicates that the Appellant published any "court records." Consequently, neither provision applies to the Appellant.
Subsection 39.471(4) of the Florida Statutes provides that information obtained by judges, employees of the court, authorized agents of the Department or law enforcement agents in connection with an action to terminate parental rights, must be kept confidential.[5] *323 Subsection 39.411(4) governing dependency proceedings tracks the language of 39.471(4). The list of officials found in both statutes does not in any way describe or include the Appellant. Consequently, neither provision applies to the Appellant.
The case of Florida Publishing Co. v. Brooke, 576 So.2d 842 (Fla. 1st DCA 1991) is particularly instructive. In that dependency case, the trial court judge entered a restraining order which prohibited the publication of a letter written by a psychologist who had met with the minor child. As in the instant case, the trial court judge entered the restraining order under the authority of Chapter 39 of the Florida Statutes. The First District Court of Appeal granted certiorari to review the restraining order. The First District stated:
We do not find that a plain reading of these statutory provisions allows them to serve as authority for Judge Brooke's restraining order. Although a copy of the letter was provided to the court, the original is simply correspondence between a treating psychologist and an HRS employee and we find therefore it is not a "court record" for purposes of section 39.411(3). Subsection (4) uses the broader phrase "[a]ll information obtained pursuant to this part", which arguably covers this letter. Nevertheless, neither E.B.'s mother nor her counsel are a "judge, employee of the court, authorized agent of the department [HRS], correctional probation officer, or law enforcement agent" and the restraining order is not authorized by section 39.411(4).
576 So.2d at 845. In short, the restraining order entered by the trial court in this case is not authorized by Chapter 39.
While the trial court certainly has the authority to enter such orders as may be appropriate to protect the confidentiality of court records, as provided by Chapter 39 of the Florida Statutes, the court does not have the authority to prohibit persons from discussing, or talking about, knowledge that they obtained from sources other than court documents (e.g., their own personal knowledge, their own personal observations, etc.). The court cannot prohibit citizens from exercising their First Amendment right to publicly discuss knowledge that they have gained independent of court documents even though the information may mirror the information contained in court documents. To do so runs afoul of constitutional guarantees of freedom of expression. See Nebraska Press Assoc. v. Stuart, 427 U.S. 539, 559, 96 S.Ct. 2791, 2803, 49 L.Ed.2d 683 (1976)("The thread running through all these cases is that prior restraints on speech and publication are the most serious and the least tolerable infringement on First Amendment rights.").
Nothing herein interferes with an order properly entered by a trial judge directing the attorneys, who are bound by the Rules of Professional Conduct, to refrain from discussing the case with the media so that the case can be professionally tried in the courtroom and not in the press. If the trial court believes that it is in the best interest of the two minor children to limit the public's access to certain confidential information, either contained within court documents, or discussed during the proceedings, then the court should consider a closure order or other remedy less intrusive than a "gag order" type injunction. See, In re Adoption of H.Y.T., 458 So.2d 1127 (Fla.1984).
We reverse and remand for further proceedings consistent herewith.
NOTES
[1] § 39.471(3),(4), Fla. Stat. (Supp. 1996).
[2] The subject order is entitled "Restraining Order," and it is clear that this order is an Injunction entered by the trial court because the effect and purpose of the order is to enjoin Stanfield from doing those acts enumerated in the order.
[3] Apparently out of an abundance of caution, the Appellant denominated her appeal in the alternative as a petition for certiorari. However, as we indicate above, we review the issues raised by Appellant as part of a regularly-filed appeal under Rule 9.130.
[4] That subsection states:

The clerk shall keep all court records required by this part separate from other records of the circuit court. All court records required by this part shall not be open to inspection by the public. All records shall be inspected only upon order of the court by persons deemed by the court to have a proper interest therein, except that, custodians of the child and their attorneys, law enforcement agencies, and the department and its designees shall always have the right to inspect and copy any official record pertaining to the child. The court may permit authorized representatives of recognized organizations compiling statistics for proper purposes to inspect and make abstracts from official records, under whatever conditions upon their use and disposition the court may deem proper, and may punish by contempt proceedings any violation of these conditions.
§ 39.471(3), Fla. Stat. (Supp.1996).
[5] Subsection 39.471(4) relates to certain categories of public officials and states:

All information obtained pursuant to this part in the discharge of official duty by any judge, employee of the court, authorized agent of the department, or law enforcement agent shall be confidential and exempt from the provisions of s. 119.07(1) and shall not be disclosed to anyone other than the authorized personnel of the court, the department and its designees, law enforcement agents, and others entitled under this part to receive that information, except upon order of the court. § 39.471(4), Fla. Stat. (Supp.1996).