PER CURIAM.
WPTV-TV, WFTS-TV, Naples Daily News, Scripps Treasure Coast Newspapers, and the Associated Press petition this court, pursuant to Florida Rule of Appellate Procedure 9.100(d), to review a trial court order regarding the disclosure of the location of jury selection proceedings. The order provides that the media organizations must sign a “Confidentiality Agreement” devised by the trial court in order to receive advance notice of this information. Petitioners contend that we should vacate the Confidentiality Agreement and order the lower court immediately to provide the media with the location of the impending jury selection proceedings.[1] We agree in part.[2]
In this criminal case, which has generated an immense amount of publicity and public interest, it was determined by the trial court that an impartial jury could not likely be obtained in Orange County, where the case originates. The trial court ordered a change of location for the limit *1193 ed purpose of jury selection in order to comply with its duty to prevent a serious and imminent threat to the fair, impartial, and orderly administration of justice. One aspect of that duty is to insure that the jury selection process yields an impartial and untainted jury. As the Supreme Court of Florida has explained: “[A] trial court has the inherent power to control the conduct of the proceedings before it, and it is the trial court’s responsibility to protect a defendant in a criminal prosecution from inherently prejudicial influences which threaten [the] fairness of his trial and the abrogation of his constitutional rights.” State ex rel. Miami Herald, Publ’g Co. v. McIntosh, 340 So.2d 904, 909 (Fla.1977) (footnotes omitted).
Petitioners contend that the trial court is legally required to immediately disclose the location of the jury selection proceedings to them. We disagree. We find no legal authority to require the trial court to immediately publish that information. At the hearing below, the trial court indicated its desire to “get a set number of individuals into a jury room and instruct them about not reading, watching, or listening to any news accounts” prior to their exposure to intensive pretrial media coverage on the morning of trial. Given the exceptional media coverage and public interest in this criminal trial, we do not find that the trial court’s decision to withhold the location of jury selection until a time proximate to the commencement of trial to be a material departure from the essential requirements of the law. In this case, the trial court has said that it will provide notice sufficient to enable the media to travel to the jury selection location from the Orange County Courthouse prior to the beginning of court proceedings.[3]
Petitioners also contend that the trial court erred in conditioning their advance receipt of the location of jury selection proceedings upon their agreement to confidentiality. We agree. In this case, the trial court, in a commendable attempt to address the logistical issues caused by the change of location for jury selection proceedings, devised a Confidentiality Agreement to be entered into by participating media organizations. The agreement provides that any media organization that binds itself to the terms of the agreement will receive the jury selection location a day in advance of those that do not sign the agreement.
In exchange for receiving the location in advance of those who chose not to execute the Confidentiality Agreement, the media organizations would have been required to commit to the following terms:
1. The term “I” as used in this Agreement includes me individually, my employing organization, and the organization’s owners, executives, officers, employees and contractors. I hereby state that I have the authority to bind said organization.
2. I will not disclose said location to anyone except for those extremely limited number of people in my organization who have an immediate need to know in order to make logistical arrangements for coverage of the proceedings. I will ensure that those persons know that the location is confidential and cannot be disclosed to anyone else.
3. I will not go to the venue location prior to the jury selection proceedings for any reason in connection with the case except for overnight lodging immediately prior to the start of proceedings.
*1194 4. I will not broadcast, publish or in any way disclose the location of the venue change on any type of media, including but not limited to, the internet, social media, radio, television or publication of any type based solely on the information given to me by the court.
5. If, however, I determine the location where the jury selection will take place by independent means, I acknowledge that I am free to publish, broadcast or otherwise use said information in any way. The Court though will not confirm or deny any information in connection with the location of the venue change discovered through independent means.
6. I can be released from this Agreement after I am officially told the location of the venue by the Court upon receiving permission from the Court in the event other media outlets are broadcasting or otherwise publicizing the information.
7. If I fail to comply with this Agreement, my court-issued media credentials and the court-issued media credentials held by members of my organization will be revoked for the entire proceedings in this case and I may be held in contempt of court which could result in incarceration, a fine, or both.
An infirmity in the Confidentiality Agreement is that the trial court cannot selectively disclose a court order or decision to some members of the media while withholding it from others. There is no suggestion in this record that this information is confidential under Florida law or that public access may be limited in the manner contemplated by the Confidentiality Agreement. See Fla. R. Jud. Admin. 2.420. If the information at issue here were contained in a court record, it would be entirely clear that the trial court could not selectively give the order to some members of the media while withholding it from others. Art. I, § 24(a), Fla. Const. There is some indication in this case that the information to be disclosed under the Confidentiality Agreement was to be verbally communicated to the members of the media that signed the agreement before being subsequently reduced to writing in the form of an order. We consider, however, that the principle is the same and the outcome is the same. Further, the proposed agreement reflects inherent difficulties in both implementation and enforcement. As such, the Confidentiality Agreement cannot stand.[4]
We vacate the portion of the order that implements the Confidentiality Agreement, but deny the request to order the trial court to immediately disclose the location of jury selection proceedings.
PETITION GRANTED in part and DENIED in part.
GRIFFIN, PALMER and EVANDER, JJ. concur.

. The patties have identified no case law directly addressing the issues presented in this case, and we have found none.

. Due to the unusual nature of the order at issue, it may reasonably be questioned whether we have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.100(d); however, even if rule 9.100(d) does not confer jurisdiction, we have certiorari jurisdiction. See Fla. Publ'g Co. v. Brooke, 576 So.2d 842 (Fla. 1st DCA 1991). Petitioners acknowledge that the standard of review is "a material departure from the essential requirements of the law.”

. The time the venire arrives and the time the trial commences are generally matters within the trial court’s discretion.

. We need not address the constitutional issue of whether a media organization can be sanctioned for failure to comply with a "voluntary” prior restraint.