**In re CLEARY BROTHERS CONSTRUC-
TION CO., INC., Debtor.**

**GENERAL ELECTRIC CREDIT
CORP., Plaintiff,**

v.

**CLEARY BROTHERS CONSTRUCTION
CO., INC., et al., Defendants.**

**Bankruptcy No. 79–01390–BKC–TCB.
Adv. No. 80–0189–BKC–TCB–A.**

United States Bankruptcy Court,
S. D. Florida.

Oct. 23, 1980.

James E. Foster, Fishback, Davis, Domin-
ick & Bennett, Orlando, Fla., for Westing-
house Credit Corp.

Gregory B. Dickenson, Watterson & Dick-
enson, P. A., West Palm Beach, Fla., for
Cleary Brothers Construction Co.

Edward A. Gross, Renick, Zwickel &
Gross, Lake Worth, Fla., for Associates
Capital Services Corp.

Charles H. Warwick, III, Warwick,
Campbell & Hewitt, Palm Beach, Fla.,
Welbaum, Zook, Jones & Williams, Miami,
Fla., for INA.

L. Louis Mrachek, Gunster, Yoakley, Cris-
er & Stewart, Palm Beach, Fla., for W. L.
Sly Machinery Co.

Daniel Lloyd Bakst, West Palm Beach,
Fla., for C. Toppino & Sons.

Robert A. Freyer, Batchelor, Brodnax,
Guthrie & Primm, Miami, Fla., for GECC.

Robert A. Freyer, Batchelor Brodnax,
Guthrie Armstrong & Freyer, Miami, Fla.,
for G.E.C.C.

Paul Thibadeau, Palm Beach, Fla., for
John B. Cleary.

Ira Gropper, Miami, Fla. for IRS.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy
Judge.

Plaintiff, a secured creditor, seeks judg-
ment for $10,668 presently held by the Ex-
aminer in this chapter 11 case (C.P. No. 1).
The four defendants have answered, all but
one opposing plaintiff's claim (C.P. Nos. 5,
6, 7 and 9). The matter was tried on Octo-
ber 7.

The facts are simple and undisputed.
The money represents rent paid for the use
of a crane for ten days during February
1980. The crane was owned by and in the
possession of the debtor who bought it in
1978. The crane was leased by the debtor
in possession without plaintiff's consent af-
ter this bankruptcy was filed. The agreed
rental was paid. The money was turned
over to the Examiner because he has been
given certain of the duties of a trustee
under 11 U.S.C. § 1106(b).

Plaintiff holds a perfected first lien against the crane and has repossessed and sold the crane since the lease in question. (Adversary proceeding 80–0009) There presently remains a balance due on plaintiff's lien of $52,169.

It is plaintiff's contention that it is entitled to the rent as "proceeds" under U.C.C. § 9–306 (§ 679.306, Florida Statutes). I disagree, although I agree with plaintiff that it has a lien as to the "proceeds" of the crane.

Plaintiff's financing statement, a U.C.C.–1 form, contained the words: "proceeds of collateral are also covered" and it was duly filed. Although the original security agreement did not include either rents or proceeds as collateral, the subsequent financing statement expanded that security interest. After the filing of the financing statement involved in this case, Florida amended § 679.203 to eliminate any doubt as to the effect of a financing statement which broadens the effect of the original agreement as stated in the Sponsors' Notes:

> "The former reference to proceeds in subsection (1) has been eliminated and new subsection (3) added to make clear that claims to proceeds under s. 679.306 do not require a statement in the security agreement, for it is assumed that the parties so intend unless otherwise agreed."

Since this amendment is merely declarative of existing law, it should be given a retroactive effect. *State ex rel. Szabo Food Serv., Inc. of N. C. v. Dickinson*, Fla.1973, 286 So.2d 529, 531.

However, the term "proceeds" does not include rents in this context. Section 679.306(1) is controlling:

> "(1) 'Proceeds' includes whatever is received when collateral or proceeds is sold, exchanged, collected or otherwise disposed of. The term also includes the account arising when the right to payment is earned under a contract right."

The money sought by plaintiff was not received when the collateral was sold, exchanged or collected. The words "other-

wise disposed of" related to a permanent or final conversion, not a temporary use. Had the Sponsors intended to extend the lenders lien to include rent from the temporary use of collateral which has been given as security, they would have included the term "leased".

This failure to do so could not have been inadvertent. The way to create a security interest in rent under the U.C.C. is to assign the lease or to give a security interest in the lease. The rent would then be the proceeds of the collateral as: "the account arising when the right to payment is earned under a contract right." This was the holding in *Feldman v. Philadelphia National Bank*, E.D.Pa.1976, 408 F.Supp. 24, where the rent for an airplane was held to be the proceeds of the collateral, which in that instance was the lease which had been assigned to the lender. No such assignment or security interest in the lease was given in our case.

It follows that plaintiff has no security interest in the rental proceeds and, as is required by B.R. 921(a) a separate judgment will be entered dismissing the complaint with prejudice. Costs, if any, will be taxed on motion.