PER CURIAM.
News-Press Publishing Company has filed a petition for writ of certiorari from an order by respondent Judge Hugh D. Hayes restricting extrajudicial statements concerning the pending case of State v. Benson, Cir.Ct. No. 85-0778-CF-A-HDH. The order provides:
1. That all parties, counsel, witnesses and prospective witnesses shall not make or participate in making any extrajudicial statement, written or oral, concerning this case, other than a quotation from or reference to, without comment, the public records of the Court in this case. This Order specifically prohibits any statement which a reasonable person would expect to be disseminated by means of public communication and relates to:
A. Evidence regarding the occurrences or transactions involved in this case;
B. The identity or testimony of a witness or prospective witness;
C. The character, credibility, arrest or criminal record of a party, witness or prospective witness;
D. The existence or contents of any confession, admission, or statement given by a defendant, or the refusal or failure of a defendant to make any statement; the possibility of a plea of guilty to the offense charged or a less offense; or any opinion as to the defendants’ guilt or innocence.
2. No person covered by this Order shall avoid its proscriptions by actions *2 that indirectly, but deliberately, cause a violation of this Order.
3. Further, the names and addresses of prospective jurors are not to be released except on order of the Court.
4. The provisions of this Order shall remain in effect throughout these proceedings, until such time as a verdict has been returned, unless modified by this Court. Counsel for the parties are responsible for the communication of the terms of this Order to all parties, witnesses and prospective witnesses.
The order was based upon the court’s conclusions that
after an extensive review of the court file, that there is a substantial likelihood that a fair trial by an impartial jury may not result unless appropriate steps are taken concerning extrajudicial statements by parties, counsel, witnesses and prospective witnesses which are likely to interfere with the rights of the accused and the State. The publicity of this case by the newspapers and the broadcast media is quite extensive. . Information contained in the media reports is unrestrained and often of such a prejudicial nature that it would be declared inadmissible evidence at trial. Selection of an impartial jury becomes more difficult when statements of trial participants are widely published and such statements can pose a serious and imminent threat of interference with the parties’ rights to a fair trial.
We grant the petition and quash the order which was entered sua sponte without a proper hearing. See Times Publishing Co. v. Penick, 433 So.2d 1281, 1285 (Fla. 2d DCA 1983). On petitioner’s motion to vacate the order, petitioner’s argument was heard after which the order was clarified to show that it did not restrict access to public records. But there had been no evidentiary hearing.
We do not conclude that the court necessarily had no grounds upon which to enter the order. A court has discretion to enter an order of that kind to “assure fair trials” when it applies to “comments to those areas in which clear and present danger of miscarriage of justice might arise _” State ex rel. Miami Herald Publishing Co. v. McIntosh, 340 So.2d 904, 910-11 (Fla.1977). But the order was not based upon a record from which there could be effective appellate review.
On remand the court should conduct an evidentiary hearing. Cf. Miami Herald Publishing Co. v. Lewis, 426 So.2d 1, 7 (Fla.1982).
GRIMES, A.C.J., and SCHEB and LE-HAN, JJ., concur.