PER CURIAM.
The petition for writ of prohibition is denied. We write however to reiterate the general rule that once an appeal has been filed to review a final order/judgment, the lower court is divested of jurisdiction to enter an order affecting the subject matter of the appeal. Thompson v. Stewart, 569 So.2d 1372 (Fla. 4th DCA 1990). We recognize that in some cases an amendment to the final judgment or a subsequent fee judgment will not disturb the subject matter of the appeal. If questionable and upon request this court can relinquish jurisdiction to the trial court to permit it to amend a judgment, if appropriate. See, e.g., Maynard v. Maynard, 515 So.2d 308 (Fla. 3d DCA 1987).
The above does not alter the well settled principle that absent a stay or bond, the filing of a notice of appeal does not divest the trial court of jurisdiction to enforce a final order. FMS Management Sys. Inc. v. IDS Mortgage Corp., 402 So.2d 474 (Fla. 4th DCA 1981).
DELL, POLEN and GROSS, JJ., concur.