750 So.2d 781 (2000)
R.J. REYNOLDS TOBACCO COMPANY, et al., Appellants,
v.
Howard A. ENGLE, M.D., et al., Appellees.
No. 3D00-372.
District Court of Appeal of Florida, Third District.
February 24, 2000.
Coll Davidson Smith Salter & Barkett, Miami; Cahill, Gordon, Reindel & Floyd Abrams; Winston & Strawn and Dan K. Webb, Bradley E. Lerman and Kevin J. Narko; Clark Silverglate Williams & Montgomery and Kelly Anne Luther, Miami; Dechert Price & Rhoads and Robert C. Heim, Orlando, for appellants.
Stanley M. and Susan Rosenblatt, Miami, for appellees.
Aragon, Burlington, Weil & Crockett and Kevin C. Kaplan, Miami, for Dow Jones & Company, Inc., as amicus curiae.
Before LEVY, SHEVIN and SORONDO, JJ.
PER CURIAM.
Defendants appeal an order denying their motion for termination of an order restraining parties and counsel from making public statements during the pendency of the class action jury trial against various tobacco companies. After a careful review of the record and consideration of the issues raised in the briefs, we hold that defendants have not demonstrated error. We therefore affirm. Defendants' reliance on Rodriguez v. Feinstein, 734 So.2d 1162 (Fla. 3d DCA 1999), is misplaced. The original order is supported by the record evidence and contains a specific finding *782 regarding the necessity for its entry; thus, this case is clearly distinguishable from Rodriguez. Furthermore, the order that defendants now seek to terminate, entered in October 1998, was not appealed, and, in fact, was either invited or acquiesced to by defendants. Finally, the record does not reflect a change in circumstances to justify granting defendants' motion. See U.S. Mfg. & Galvanizing Corp. v. Renfrow, 592 So.2d 1216 (Fla. 3d DCA 1992). Based on the foregoing, we conclude that the order under review does not violate defendants' First Amendment rights. As recognized by Rodriguez, limitations imposed by the court between the media and lawyers and/or litigants are permissible for good cause shown in order to assure a fair trial. Rodriguez, 734 So.2d at 1164. Accordingly, we affirm the order.
Affirmed.