The Honorable Toni Jennings President, The Florida Senate Room 418, Senate Office Building 404 South Monroe Street Tallahassee, Florida 32399-1100
The Honorable John E. Thrasher President, Florida House of Representatives Room 420, The Capitol 402 South Monroe Street Tallahassee, Florida 32399-1300
Dear Madam President and Mr. Speaker:
You have asked substantially the following question:
Does Florida law require that compensatory damages be determined before punitive damages may be awarded?
In sum:
Florida's common law requires that an award of compensatory damages is a prerequisite to an award of punitive damages where actual damage is an essential element of the underlying tort.
A number of Members and senior staff of both the House of Representatives and the Senate have contacted this office and asked my advice about the posture of the protracted Engle class action litigation.[1] Based on your request and pursuant to section 16.01(3), Florida Statutes, it is appropriate in my role as the chief legal officer of this State that I apprise each of you, in your role as Speaker of the Florida House of Representatives and President of the Florida Senate, regarding the legal considerations relevant to the matters of concern which have been presented.
In 1994, this multiple count suit was filed in the Dade County Circuit Court against major tobacco companies. Several procedural controversies ensued with attendant intervening interlocutory appeals, the assignment of a new trial court judge, and a jury determination of liability without a damages determination. Additional procedural controversies followed with intervening interlocutory appeals.[2] The current trial court judge eventually adopted a trial plan whereby the jury would determine "lump-sum" punitive damages prior to determining compensatory damages for each individual class member.
Florida law is clear that compensatory damages must be determined prior to any award of punitive damages in cases of this nature. InAult v. Lohr,[3] the Supreme Court of Florida stated: "The law is well settled that punitive damages require an underlying award of compensatory damages." Chief Justice Ehrlich stated in a specially concurring opinion that where actual harm is an element of the tort, "an award of compensatory damages must be a prerequisite to an award of punitive damages."[4]
The Supreme Court of Florida in W.R. Grace Company v. Waters[5]
reaffirmed that liability and compensatory damages must be assessed before punitive damages:
We hold that henceforth trial courts, when presented with a timely motion, should bifurcate the determination of the amount of punitive damages from the remaining issues at trial. At the first stage of a trial in which punitive damages are an issue, the jury should hear evidence regarding liability for actual damages, the amount of actual damages, and liability for punitive damages, and should make determinations on those issues. If, at the first stage, the jury determines that punitive damages are warranted, the same jury should then hear evidence relevant to the amount of punitive damages and should determine the amount for which the defendant is liable.
Most recently, the Florida Supreme Court in Owens-CorningFiberglass Corporation v. Ballard[6] held that in assessing punitive damages, a jury must consider "the harm that actually has occurred."
The concept that compensatory damages must be determined before punitive damages are awarded is not unique to Florida. For example, in Allison v. Citgo Petroleum Corporation,[7] the Fifth Circuit held that "punitive damages must be determined after proof of liability to individual plaintiffs . . . not upon the mere finding of general liability to the class."
This requirement that compensatory damages must be determined before punitive damages is based on constitutional concerns of due process. As the United States Supreme Court has made clear, the due process clause of the Fourteenth Amendment prohibits the state from imposing a grossly excessive punishment on a tortfeasor.[8]
In determining whether an award is excessive, the courts have examined the ratio between compensatory damages and punitive damages. While not the sole factor to be considered, this relationship is, nevertheless, a critical element in determining whether the due process clause is implicated.[9]
The courts have recognized that there is no fixed ratio between compensatory and punitive damages that is to be uniformly applied in every case. For example, in TXO Production Corporation,[10] the United States Supreme Court stated:
"We need not, and indeed cannot, draw a mathematical bright line between the constitutionally acceptable and the constitutionally unacceptable that would fit every case. We can say, however, that [a] general concer[n] of reasonableness . . . properly enter[s] into the constitutional calculus."
Thus, the common law clearly requires that the amount of punitive damages must bear a reasonable relationship to compensatory damages. As the Fifth Circuit Court of Appeal explained in Allisonv. Citgo Petroleum Corporation, supra,
"[B]ecause punitive damages must be reasonably related to the reprehensibility of the defendant's conduct and to the compensatory damages awarded to the plaintiffs, [citations omitted] recovery of punitive damages must necessarily turn on the recovery of compensatory damages."
Thus, punitive damages must be determined after proof of liability to individual plaintiffs at the second stage of a pattern or practice case, not upon the mere finding of general liability to the class at the first stage. Moreover, being dependent on non-incidental compensatory damages, punitive damages are also non-incidental — requiring proof of how [damage] was inflicted on each plaintiff introducing new and substantial legal and factual issues, and not being capable of computation by reference to objective standards.[11]
In the absence of any determination of the extent of compensatory damages, the court lacks a standard by which it can judge whether an assessment of punitive damages is reasonable or is "grossly excessive."
The Supreme Court of Florida has recognized the danger of unlimited discretion in awarding punitive damages. In W.R. Grace Company — CONN v. Waters,[12] the Court stated that unlimited jury discretion or unlimited judicial discretion in fixing punitive damages may invite extreme results that "jar one's constitutional sensibilities."
The recognition that compensatory damages must be determined before punitive damages are assessed is also reflected by the statutes addressing punitive damages. Section 768.73, Florida Statutes, contemplates that punitive damages will generally be a ratio to compensatory damages.
In the event the Legislature should determine that legislation seeking to codify the common law regarding the imposition of compensatory and punitive damages is needed, I am attaching a copy of proposed legislation addressing this issue.[13] The proposed bill would make clear that it applies to all pending actions.[14]
Sincerely,
Robert A. Butterworth Attorney General
RAB/hrd
[1] R.J. Reynolds Tobacco Company v. Engle, No. 94-08273 CA (Fla. 11th Jud. Cir.).
[2] See, R.J. Reynolds Tobacco Company v. Engle, 672 So.2d 39
(Fla. 3d DCA 1996), rev. den., 682 So.2d 1100 (Fla. 1996); R. J.Reynolds Tobacco Co. v. Engle, 711 So.2d 553 (Fla. 3d DCA 1998);R. J. Reynolds Tobacco Co. v. Engle, 1999 WL 689284, 24 Fla. L. Weekly D2061 (Fla. 3d DCA, September 3, 1999); R. J. ReynoldsTobacco Co. v. Engle, 743 So.2d 524 (Fla. 3d DCA, September 17, 1999); R. J. Reynolds Tobacco Co. v. Engle, 1999 WL 767273, 24 Fla. L. Weekly 2193 (Fla. 3d DCA September 17, 1999); R. J.Reynolds Tobacco Co. v. Engle, 1999 WL 930784, 24 Fla. L. Weekly D2392 (Fla. 3d DCA, October 20, 1999); R. J. Reynolds Tobacco Co.v. Engle, 1999 WL 961394 (Fla. 3d DCA, October 22, 1999); R. J.Reynolds Tobacco Co. v. Engle, 2000 WL 204472 (Fla. 3d DCA, February 24, 2000).
[3] 538 So.2d 454, 455 (Fla. 1989), quoting Sonson v. Nelson,357 So.2d 747 (Fla. 3d DCA 1978), cert. den., 364 So.2d 889
(Fla. 1978), cert. den., 364 So.2d 891 (Fla. 1978).
[4] 538 So.2d at 457.
[5] 638 So.2d 502, 506 (Fla. 1994).
[6] No. 92,963, 1999 W.L. 669026 (Fla. 1999).
[7] 151 F.3d 402, 417-418 (5th Cir. 1998).
[8] See, e.g., TXO Production Corporation v. Alliance ResourcesCorporation, 509 U.S. 443, 454, 113 S.Ct. 2711, 2718 (1993); BMWof North America, Inc. v. Gore, 517 U.S. 559, 116 S.Ct. 1589, 1592
(1996).
[9] See, BMW of North America, Inc. v. Gore, supra, setting forth a three-pronged test which includes, as the second element, the ratio between the harm or potential harm suffered by a plaintiff and the punitive damages awarded.
[10] TXO Production Corporation v. Alliance ResourcesCorporation, 113 S.Ct. at 2720, quoting, Pacific Mutual LifeInsurance Company v. Haslip, 499 U.S. 1, 18, 111 S.Ct. 1032, 1043
(1991).
[11] 151 F.3d at 417-418.
[12] 638 So.2d 502, 505 (Fla. 1994), citing Haslip, supra.
[13] The proposed legislation creates a new statute, s. 768.726, Fla. Stat., which would provide:
"(1) No punitive damages may be awarded in any civil action, including a class action, unless the compensatory damages stage of trial has been completed as to all plaintiffs covered thereby or in the action, whether named parties or represented class members, prior to the determination of punitive damages, except in cases where actual damages are not an element of the underlying cause of action. Any punitive damage determination rendered or judgment entered contrary to the provisions of this subsection is null and void.
(2) This section shall apply to all cases and causes of action, regardless of the date of filing, pending on or after the effective date of this act."
[14] See, State ex rel. Szabo Food Serv., Inc. of North Carolinav. Dickinson, 286 So.2d 529, 531 (Fla. 1973); In re ClearyBrothers Construction Co., Inc., 9 B.R. 40, 30 UCC Rep.Serv. 1444 (Bankr.S.D.Fla., October 23, 1980) (where amendment is merely declarative of existing law, it should be given a retroactive effect).