DAMOORGIAN, J.
 

 On September 3, 2009, the Sun Sentinel published an article, submitted by the President of the Florida Justice Reform Institute, criticizing the trial court’s decision ordering a trial on damages only, following the striking of defendant E.I. DuPont de Nemours and Company’s pleadings and the entry of a default against DuPont on the issues of causation and liability.
 
 [1]
 
 On December 14, 2009, pri- or to the trial on damages, Aquamar, S.A., Molinos del Ecuador S.A., and Desarrollo Industrial Bioacuatico S.A., the plaintiffs, filed a “Motion for Sanctions and Request for Court Order Enjoining DuPont from Any Further Attempt to Influence Potential Jurors,” attributing the Sun Sentinel article to DuPont and its attorneys. Two days later, the parties attended a previously scheduled non-evidentiary hearing regarding a variety of discovery issues. Though the plaintiffs’ motion for an injunction was not noticed for that day, the trial court, sua sponte, entered a temporary injunction “directed to all parties and their counsel, and those that are working in concert with their respective agents and employees either directly or indirectly with the parties and/or their counsel, consistent with 4.3-6 of the Rules Regulating the Florida Bar, not to participate, encourage, assist, or abet in the dissemination of any out-of-court publicity in this matter.” DuPont appealed this order.
 

 
 *841
 
 “In Florida, the limitations imposed by the court on communications between the media and lawyers and/or litigants must be for good cause to assure fair trials.”
 
 Rodriguez ex rel. Posso-Rodriguez v. Feinstein,
 
 734 So.2d 1162, 1164 (Fla. 3d DCA 1999). Thus, a gag order should be supported by evidence and findings that any extrajudicial statements made by counsel or the parties pose a substantial or imminent threat to a fair trial.
 
 Id.; see also News-Press Publ’g Co. v. Hayes,
 
 493 So.2d 1, 2 (Fla. 2d DCA 1986) (quashing order restricting extrajudicial statements because it. was entered sua sponte without a proper evidentiary hearing). As in
 
 Rodriguez,
 
 the order on review was not supported by any showing that it was necessary to preclude a substantial likelihood of material prejudice to the trial of the case. Furthermore, there was no evidence presented and there were no findings made that any out-of-court publicity posed a substantial and imminent threat to the fairness of the trial proceedings. Finally, the injunction was entered without proper notice, and is unrestricted in scope and time limit.
 
 See Rodriguez,
 
 734 So.2d at 1165.
 

 Appellants argue, and we agree, that for all of these reasons, the injunction is a departure from the essential requirements of the law. We therefore reverse and remand for further proceedings consistent with this opinion.
 

 Reversed and Remanded.
 

 CIKLIN, J., and COX, JACK S., Associate Judge, concur.
 

 [1]
 

 . This case is the product of an epic stream of litigation between these parties, which this court has discussed on several previous occasions.
 
 See Molinos Del
 
 S.A. v.
 
 E.I. DuPont de Nemours & Co.,
 
 947 So.2d 521 (Fla. 4th DCA 2006);
 
 E.I. Du Pont de Nemours & Co. v. Aquamar S.A.,
 
 881 So.2d 1 (Fla. 4th DCA 2004);
 
 E.I. Du Pont De Nemours & Co. v. Desarrollo Indus. Bioacuatico
 
 S.A., 857 So.2d 925 (Fla. 4th DCA 2003).