Warner, J.,
dissenting.
I would grant the petition because the State did not present evidence to support the necessity of a gag order on the attorneys in this case. We have held that such an order must be supported by evidence. See E.I. Du Pont de Nemours & Co. v. Aquamar, S.A., 33 So.3d 839, 841 (Fla. 4th DCA 2010) (“[A] gag order should be supported by evidence .... ”); Rodriguez ex rel. Posso-Rodriguez v. Feinstein, 734 So.2d 1162, 1164-65 (Fla. 3d DCA 1999) (reversing a gag order because it was not supported by evidence). Here, despite the objection by petitioners, the court ruled without requiring the State to present evidence to support its contention that the gag order on attorneys was needed to prevent an imminent threat to the fairness of the trial. I do not consider the January press release attached to the state’s motion—the only “evidence” presented—as sufficient, particularly because there was no evidence regarding the extent of its dissemination.
In Gentile v. State Bar of Nevada, 501 U.S. 1030, 111 S.Ct. 2720, 115 L.Ed.2d 888 (1991), the Supreme Court noted that appellate courts have an independent duty with regard to cases involving restrictions on First Amendment rights: “[I]n eases raising First Amendment issues ... an appellate court has an obligation to ‘make an independent examination of the whole record’ in order to make sure that ‘the judgment does not constitute a forbidden intrusion on the field of free expression.’” Id. at 1038, 111 S.Ct. 2720 (quoting Bose Corp. v. Consumers Union of U.S., Inc., 466 U.S. 485, 499, 104 S.Ct. 1949, 80 L.Ed.2d 502 (1984)). Given this heightened review standard, without an evidentiary record I cannot make the “independent examination” required in this case.