343 So.2d 890 (1977)
Francis K. BUCKLEY, Appellant,
v.
Jean C. BUCKLEY, Appellee.
No. 75-2161.
District Court of Appeal of Florida, Fourth District.
February 18, 1977.
Rehearing Denied March 29, 1977.
Francis K. Buckley, pro. per.
*891 J.B. Patterson, of Patterson, Maloney & Shankweiler, Fort Lauderdale, for appellee.
DOWNEY, Judge.
On April 25, 1975, a final judgment of dissolution and marriage was entered in which Jean Buckley was awarded alimony and child support. Francis Buckley sought review of that judgment without superseding it.
On October 20, 1975, while the plenary appeal from the final judgment was pending, Francis Buckley filed a Motion To Amend Final Judgment And For Other Relief in the trial court. The basic purpose of the motion was to obtain a reduction in the amount of alimony and child support. The trial court being of the view that it did not have jurisdiction to modify the first judgment which was on appeal declined to consider the motion. An order, dated October 29, 1975, denying the foregoing motion, is one of the orders under review.
Francis Buckley then requested this court to temporarily relinquish jurisdiction so that the trial court could consider his motion to modify the final judgment. When this court denied the motion to relinquish jurisdiction, he filed "Respondent's Supplemental Complaint For Judgment Under F.S. 61.14" in the trial court. The relief sought in the latter pleading was virtually the same as that sought in the motion filed October 20, 1975.
Almost simultaneously, Jean Buckley filed in the trial court a Motion For Sanctions And/Or Judgment, seeking to enforce the provisions of the final judgment and to obtain the arrearages thereunder.
On November 26, 1975, the trial court: (a) by one order again denied for lack of jurisdiction appellant's request to modify the final judgment, and (b) by separate order awarded appellee a judgment for $2040, the amount of the arrearage due at that time under the final judgment of dissolution. The notice of appeal in this case also seeks review of the latter two orders.
We hold that the two orders in which the trial court refused for lack of jurisdiction to consider Francis Buckley's efforts to modify the final judgment were eminently correct. As this court said in Kalmutz v. Kalmutz, 299 So.2d 30, 32 (Fla. 4th DCA 1974):
"[M]odification of an order under appeal would be beyond the jurisdiction of the trial court from the very innate nature of the appellate jurisdiction and from the very practical viewpoint that there is no order to be modified until the appellate court determines what the order actually is."
However, the final judgment has now been affirmed in Buckley v. Buckley, 336 So.2d 708 (Fla. 4th DCA 1976), and jurisdiction of the cause is now vested in the trial court. Accordingly, it is now appropriate for the trial court to entertain Francis Buckley's Motion To Amend Final Judgment and For Other Relief, filed October 10, 1975. If the proof adduced in support of the motion demonstrates that appellant was entitled to relief at the time the motion was filed, then the order granting such relief should be retroactive to said date. See cases cited at 10A Fla.Jur., Dissolution of Marriage, etc., § 316.
If the trial court finds that appellant was entitled to relief as of October 20, 1975, it may be that appellant will be entitled to some credit against the judgment of November 26, 1975, since the amount awarded in that judgment may have included alimony or child support for the period following the filing of the motion of October 20, 1975, and preceding the date of the judgment. On remand the trial court can consider that issue along with the other questions raised by the appellant's petition to amend the final judgment in adjusting the equities between the parties.
The orders appealed from are affirmed and the cause is remanded to the trial court for further proceedings consistent with this opinion.
AFFIRMED AND REMANDED, with directions.
MAGER, C.J., and STEWART, JAMES R., Jr., Associate Judge, concur.