436 So.2d 374 (1983)
Gary W. CAMPBELL, Appellant/Cross Appellee,
v.
Chalermsri V. CAMPBELL, Appellee/Cross Appellant.
No. 82-233.
District Court of Appeal of Florida, Fifth District.
August 18, 1983.
*375 Devo A. Heller of Brinson, Smith, Heller & Smith, P.A., Kissimmee, for appellant/cross appellee.
Addison E. Walker, St. Cloud, for appellee/cross appellant.

ON MOTION TO REVIEW
ORFINGER, Chief Judge.
After this appeal was filed, the former husband filed a petition in the trial court seeking to modify the alimony and support provisions of the final judgment, alleging changed circumstances in that his earnings had been severely diminished since the final judgment was entered. The former wife challenged the trial court's jurisdiction to consider the petition during the pendency of this appeal, but the trial court overruled the objections on the ground that Florida Rule of Appellate Procedure 9.600(c) permitted it to entertain the petition.
The trial court then proceeded to hear testimony on the petition, after which it entered an order on February 1, 1983, in which it found that there had been a substantial change of circumstances in that the husband had been partially unemployed subsequent to the final judgment and had later become employed at a substantially reduced salary. The order modified the final judgment by reducing the child support to $50.00 per week (the equivalent of $216.66 per month) and by reducing the alimony award to $20.00 per week ($86.66 per month). The trial court specifically held that it was making no ruling as to the reasonableness, excessiveness or insufficiency of child support and alimony as previously awarded, which issues were on appeal, "... but is ruling only as to the modification sought on the basis of a substantial change of circumstances."[1] The former wife has filed a motion for review of the February 1, 1983, order, pursuant to Rule 9.600(c).
The wife contends that the trial court had no jurisdiction to modify the original final judgment, albeit on a finding of changed circumstances, because of the pendency of this appeal. Florida Rule of Appellate Procedure 9.600(c) says:
In dissolution of marriage actions the lower tribunal shall retain jurisdiction to enter and enforce orders awarding separate maintenance, child support, alimony, or other awards necessary to protect the welfare and rights of any party pending appeal, including costs and attorney's fees. The review of such orders shall be by motion filed in the court within 30 days of rendition. The receipt or payment of funds under an order awarding separate maintenance, child support or alimony shall not prejudice the rights of appeal of any party.
This rule clearly restricts the trial court's powers to the entry of "orders ... or awards necessary to protect the welfare and rights of any party pending appeal." (Emphasis ours). This is a limited jurisdiction and is calculated to protect the party seeking or needing relief until the appellate court decides the issue on appeal. Of course, this view presupposes that the subject matter of the post-appeal order involves the subject matter on appeal, because *376 in such case it seems to be well settled that the trial court has no jurisdiction to interfere with the subject matter on appeal.
This general proposition of law has been recognized in numerous cases involving post-appeal orders in dissolution cases. In Kalmutz v. Kalmutz, 299 So.2d 30 (Fla. 4th DCA 1974), the court noted:
There is a serious question as to the authority of the trial court to enter a temporary order affecting the merits of the cause involved in the main appeal or which would have the effect of rendering the main appeal moot. Willey v. W.J. Hoggson Corporation, 1925, 89 Fla. 446, 105 So. 126; State v. Robles, 1933, 109 Fla. 528, 147 So. 910. Unquestionably the trial court has the power to grant temporary relief pending appeal and possesses the inherent power and authority to take such action as justice and equity requires. It would appear, however, that when the jurisdiction of the appellate court attaches it is exclusive as to the subject covered by the appeal; so that modification of an order under appeal would be beyond the jurisdiction of the trial court from the very innate nature of the appellate jurisdiction and from the very practical viewpoint that there is no order to be modified until the appellate court determines what the order actually is.
Id. at 32.
This view was reaffirmed in Buckley v. Buckley, 343 So.2d 890 (Fla. 4th DCA 1977), under facts similar to those here. Francis Buckley appealed a final judgment of dissolution of marriage. Pending his appeal, he filed a motion to amend the final judgment, the purpose of which was to obtain a reduction in the amount of alimony and child support he was required to pay. The trial court declined to hear the petition because it believed that it had no jurisdiction in view of the pending appeal, and the appellate court agreed, citing Kalmutz, and holding that "modification of an order under appeal would be beyond the jurisdiction of the trial court from the very innate nature of the appellate jurisdiction and from the very practical viewpoint that there is no order to be modified until the appellate court determines what the order is."
While it is true that both Kalmutz and Buckley were decided under former Rule 3.8(b), Florida Appellate Rules, 1962 Revision, which rule was somewhat narrower in scope than the present Rule 9.600(c), the Fourth District has reached the same result under the present rule. In Weider v. Weider, 402 So.2d 66 (Fla. 4th DCA 1981), the court held that a post-judgment order by the trial court pending appeal of the judgment, awarding to the wife exclusive use and possession of the marital home "... until July 14, 1983, or a determination of the appeal of the final judgment ... whichever occurs latest in point of time" exceeded the trial court's jurisdiction, because:
Fla.R.App.P. 9.600 allows the trial court to enter and enforce orders necessary for the protection of a party pending appeal. By awarding the wife the exclusive use and possession of the marital home until July 14, 1983 in the event this appeal is decided prior to that time, the trial court has exceeded its jurisdiction. The trial court losses [sic] jurisdiction upon the filing of a notice of appeal except for those matters specifically enumerated in Rule 9.600, and this rule does not provide for such jurisdiction beyond the pendency of the appeal. (emphasis in original).
Id. at 68.
In Blum v. Blum, 382 So.2d 52 (Fla. 3d DCA 1980), the court held that the trial court had no jurisdiction to modify portions of the final judgment while the appeal was pending without the consent of the appellate court. In Bailey v. Bailey, 392 So.2d 49 (Fla. 3d DCA 1981), the same court stated the general rule applicable to trial court jurisdiction pending appeal of the final judgment thusly:
Whether the trial court lacks jurisdiction depends not simply on the fact that an appeal in the case has been taken and is pending, but rather on the nature of the action being taken by the trial court in relation to the subject matter of the *377 pending appeal. If what the trial court does while the appeal is pending cannot affect or interfere with the subject matter of the appeal, and thus impinge upon the appellate court's power and authority to decide the issues presented to it by the appeal, then the trial court can act. The jurisdiction of the appellate court is exclusive only as to the subject matter of the appeal.
Id. at 52. Because the trial court's order involved a post-judgment allowance of attorney's fees which was not decided by the original judgment nor involved in the appeal, the court held that the trial court had jurisdiction to make the award. It nevertheless recognized the continued validity of the principles espoused in Blum, that the trial court has no jurisdiction to modify the very order appealed from, during the pendency of the appeal. In Johnson v. Ferguson, 383 So.2d 715 (Fla. 3d DCA 1980), the court held that pending an appeal of a final judgment of dissolution, the trial court had no jurisdiction to enter an order requiring the parties to sell the marital home, the exclusive possession of which had been given to the wife by the final judgment, despite the claim that it was an order entered to protect the welfare and rights of a party pending appeal and thus within the scope of Rule 9.600(b), because of a pending mortgage foreclosure action.
Sub judice, the trial court granted not just temporary relief during the pendency of the appeal, but a permanent change in alimony and support. While it may be said that alimony and child support awards are never "permanent" because they are always subject to modification, they are permanent until modified or until the event which terminates the award occurs. Thus "permanent" periodic alimony is so characterized despite its susceptibility to modification upon a proper showing. The very subject matter of the appeal here involves not only the characterization of the alimony award, but the amounts awarded both for alimony and child support. Thus any modification of the judgment while the appeal is in progress cannot do anything other than interfere with this court's jurisdiction and thus "impinge upon the appellate court's power and authority to decide the issues presented to it by the appeal." Rule 9.600(c) grants to the trial court the power to grant relief pending appeal, as a temporary measure, which includes the power to award such amounts of alimony or support as may be "necessary to protect the welfare and rights of any party pending appeal," but any attempt to exceed that time frame, as in the order under review, and to grant a "permanent" modification of the final judgment, exceeds that jurisdiction.
The order of modification is set aside for lack of jurisdiction, but as in Buckley, once jurisdiction is revested in the trial court, it may enter an order on the petition for modification retroactive to the date on which it was filed, if it is of the continued opinion that changed circumstances warrant that relief.
AFFIRMED in part, REVERSED in part, and REMANDED.
DAUKSCH, J., concurs.
COWART, J., dissents with opinion.
COWART, Judge, dissenting:
Does a trial court have jurisdiction to entertain a petition to modify an order for spousal or child support on the ground of a change of circumstances while a prior adjudication of support is being reviewed on appeal?
The majority view confuses separate and distinct legal causes of action or claims for relief and reaches the conclusion that during the pendency of appellate review of a prior order for support the trial court lacks jurisdiction to entertain a claim for relief from the prior adjudication based on a changed circumstance. I do not agree.
Although the situation with child custody and child support is similar, alimony (spousal support) gives a good example of the relationship between a prior adjudication of support and a "modification" based on a change of circumstances. An original substantive cause of action for spousal support is granted by sections 61.08 and 61.09, Florida *378 Statutes (1981), and is based on the premise that a married person has a duty to contribute to the support of his or her spouse when one has the ability and the other the need for future maintenance and support. This claim for relief is the claim of a needy obligee spouse for future maintenance and support from a spouse with ability to provide it. The factual bases for invoking the jurisdiction of the trial court as to this cause of action are only the facts existing on or before the date of the filing of the complaint or petition for such relief.[1] Every adjudication of support, and any appellate decision reviewing it, is limited in res judicata effect to the facts which preceded that cause of action and which supported that adjudication.
On the other hand, there is another entirely separate and different cause of action or claim for relief. The exclusive substantive cause of action or claim for relief from a prior adjudication ordering spousal or child support is granted by sections 61.14 and 61.17(1)(b), Florida Statutes (1981), and is founded on the premise that every adjudication ordering future payments of support is limited to the particular set of facts relating to relative need and ability at the time of such adjudication and that when the factual circumstances relating to those matters have changed either the obligee or obligor is entitled to have the alleged new set of facts judicially examined to determine if they are substantially and materially different from those underlying and supporting the prior adjudication and, if so, to have the prior adjudication terminated and to have a new adjudication of support based on the new set of facts made to govern future payments of support.[2]
The effect of the very existence of a cause of action for relief from every adjudication of future support upon a changed factual circumstance is necessarily to limit every adjudication of such support to the facts on which it is based and also to limit the res judicata duration of every adjudication ordering future support payments to the time when it is later judicially determined that the relevant facts have materially changed. This is a wise recognition of the fact that the effective facts supporting every order for future support payments will substantially change sooner or later in every case and that no support order should be effective beyond that event. Of course once an appeal is taken of any particular adjudication of support based on its set of facts the trial court does not have jurisdiction to change that adjudication based on those facts. This does not, need not, and should not mean the trial court does not have jurisdiction to consider a new cause of action based on a new and different set of facts.
Therefore a later "modification" of a prior adjudication of support upon a changed factual circumstance does not modify or change the prior adjudication in the retroactive and ab initio manner of an appellate court reversal which determines that the prior adjudication was erroneous from its entry on the facts upon which it was based. The subsequent change actually constitutes a successive separate and distinct cause of action or claim for relief and by its very definition is based on a different set of facts. Each subsequent change of circumstance must be separately alleged, proved and adjudicated in the trial court and each such adjudication is itself legally correct or incorrect and is subject to a separate and different appellate review. Appellate review of any adjudication of support relates only to the facts involved in that adjudication *379 and the question on review is always whether that particular conclusion is legally correct as to its facts. Appellate jurisdiction to review one adjudication as to one cause of action is not, and should not be related to, or confused with, appellate jurisdiction to review another. Likewise, appellate review of the original adjudication, or any prior adjudication of support is not concerned with, nor affected by, any subsequent trial court adjudication of support based on another subsequent and different set of facts. Nor is any subsequent "modification" proceeding based on the theory that the prior adjudication was incorrect, which is the question involved in any appeal of a prior adjudication. To the contrary, the subsequent modification proceeding is neutral and indifferent as to the legal correctness of the prior adjudication and correctly proceeds on the theory that, whether or not the prior adjudication was correct on the facts then found and adjudicated, those facts have now changed and the present factual circumstances differ so substantially and materially from those underlying the prior adjudication that a different level of support is warranted as to the future. It is not enough to merely say that the "subject matter" of both a pending appeal and a subsequent modification proceeding is "support." The subject matter of the pending appeal is always the legal correctness of the support awarded on the particular facts supporting the prior adjudication. That is not the subject matter of the subsequent modification proceeding which is concerned with whether the facts have substantially and materially changed since the prior adjudication and if so, the correct level of the new support.
Therefore a subsequent "modification" proceeding based on a changed factual circumstance (as distinguished from some attack in the trial court on the validity of the prior adjudication such as under Florida Rule of Civil Procedure 1.540) does not, and cannot, in any legal way interfere with or impinge on the appellate court's jurisdiction to review and determine the legal correctness of the prior adjudication on its facts.
Neither the majority opinion nor any of the cases it cites demonstrate how a trial court's undertaking to adjudicate a change of circumstances interferes with a pending appellate review of the correctness of some prior adjudication relating to some other state of facts. Any feeling that the later change in circumstances wrongfully moots the prior adjudication, or its appellate review, does not appreciate the facts of life as to such matters. A genuine substantial material change in factual circumstances following an adjudication of support, as a practical matter always moots the practical, but not the legal, effect of the prior adjudication and should. Long judicial labor leading to a perfect support order (whether or not it is reviewed on appeal) is always mooted when either the obligee or obligor dies or any other substantial factual change occurs.
The statement in Kalmutz, 299 So.2d at 32, cited in the majority opinion, "that there is no order to be modified until the appellate court determines what the order is," is patently incorrect. Trial court orders of support are real, lawful and binding and enforceable whether or not appealed and subject to "modification" when the facts upon which they are based have substantially changed whether or not the prior order of support was appealed.
Florida Rule of Appellate Procedure Rule 9.600(c) has nothing to do with the question in this case but relates to the jurisdiction of the trial court during an appeal to enter an initial order of support or to enforce an existing order for support during appeal.
The circumstances of parties are often prone to change rapidly in these times and when that change constitutes or creates a new claim and right to relief from the effect of a prior adjudication the constitutional right of access to the court to prosecute such new right to relief should not be denied or delayed until completion of appellate review of some other prior judicial action. Nor should an artificial threshold barrier to the enforcement of the new right be created by requiring one to petition an appellate court to unnecessarily relinquish *380 its jurisdiction to review the correctness of some prior adjudication of another and different cause of action or claim for relief.
In summary, there is no good reason to hold that the trial court does not have jurisdiction to hear and consider a petition for modification of a prior adjudication for support or custody based on a substantial and material change in circumstances occurring since the prior adjudication merely because the prior adjudication is itself undergoing appellate review.
NOTES
[1] While not mentioned in the order, neither did the trial court attempt to address the question of whether permanent alimony had been properly awarded.
[1] For some reason, as to support in drawn out domestic relations cases, counsel frequently presents without objection and the trial court considers occurrences and events occurring after the action is filed notwithstanding that such matters are not pleaded in supplemental pleadings as contemplated by Florida Rule of Civil Procedure 1.190(d).
[2] Peculiarly under Florida Rule of Civil Procedure 1.110(h) the initial pleading alleging this cause of action occurring subsequent to final judgment is designated a supplemental complaint or petition but differs in purpose from the supplemental pleadings under Rule 1.190(d) mentioned in the preceding note. As usual Henry P. Trawick, Jr., ably distinguishes the two pleadings. See Trawick's Florida Practice and Procedure, § 14-8 (1981).