PER CURIAM.
We grant the writ of prohibition and quash the trial court’s order setting the supplemental petition for modification for trial. The trial court does not have *1373 jurisdiction to modify an order under appeal. Campbell v. Campbell, 436 So.2d 374 (Fla. 5th DCA 1983), rev. dismissed, 453 So.2d 1364 (Fla.1984); Buckley v. Buckley, 343 So.2d 890 (Fla. 4th DCA 1977), appeal dismissed, 362 So.2d 1050 (Fla.1978); Kalmutz v. Kalmutz, 299 So.2d 30 (Fla. 4th DCA 1974). The underlying final judgment of dissolution is now pending in the Supreme Court on a certified question from this court. The pendency of the case in the Supreme Court deprives the trial court of jurisdiction to modify the judgment. See State v. Meneses, 392 So.2d 905 (Fla.1981). The husband may of course request relinquishment of jurisdiction from the court having jurisdiction if he deems it advisable, or he may petition the trial court for temporary relief pending appeal in accordance with Florida Rule of Appellate Procedure 9.600(c). However, it is clear from the petition that he seeks elimination of permanent alimony and lump sum alimony from the final judgment, which is not relief “pending appeal” as contemplated within the appellate rule.
ANSTEAD, GUNTHER and WARNER, JJ., concur.