998 So.2d 1171 (2008)
Dourest J. ROBINSON, III, Appellant,
v.
Chamonix L. ROBINSON, Appellee.
Nos. 2D07-1029, 2D07-4793.
District Court of Appeal of Florida, Second District.
December 17, 2008.
Tarya A. Tribble of Tarya A. Tribble, P.A., Riverview, for Appellant.
Carlos A. Ramirez and Monica P. Lopez of Escobar, Ramirez & Associates, P.A., Tampa, for Appellee.
ALTENBERND, Judge.
Dourest J. Robinson, III, has filed appellate proceedings challenging three nonfinal orders in a dissolution proceeding and a final judgment of dissolution entered by the trial court while the appeal of the nonfinal orders was pending.[1] We affirm the appeal of the three nonfinal orders, but reverse the final judgment because the trial court did not have authority to enter that judgment while the interlocutory appeal was pending. Mrs. Robinson has conceded at least one of the issues raised by Mr. Robinson in his challenge of the judgment of dissolution. Thus, on remand, it may be prudent for the trial court to reconsider these issues before entering a final judgment.
In March 2007, Mr. Robinson filed a petition for writ of certiorari seeking relief from three orders enforcing a temporary support order and denying modification of *1172 that temporary support order. It is noteworthy that such a petition does not automatically stay proceedings in the trial court. See Valeria Hendricks, "Writ of Certiorari in Florida," in Florida Appellate Practice, § 19.9 (5th ed. Fla. Bar 2003). Absent the entry of an order staying the proceedings below, the trial court was free to proceed to final judgment.
In this case, certiorari was the wrong remedy. Although Mr. Robinson initially challenged the trial court's order of contempt, in maintaining this appeal he challenges orders that gave his wife the right to immediate monetary relief. Such orders can be appealed under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iii). For this reason, in April 2007 we entered an order converting the certiorari proceeding to a nonfinal appeal. Under our standard procedures, we served copies of that order on the parties and the trial court clerk but did not send one directly to the trial judge. It is entirely possible that the trial judge did not appreciate that the appellate proceeding had been transformed from an original petition seeking a writ of certiorari to a nonfinal appeal.
Pursuant to Florida Rule of Appellate Procedure 9.130(f), a nonfinal appeal does not act as an automatic stay of proceedings in the trial court, but it divests the trial court of the power to "render a final order disposing of the cause pending such review." Thus, the trial court in this case could conduct a final hearing in the dissolution and even enter an order containing findings and determinations from that hearing, but it could not enter a final judgment while the nonfinal appeal was pending unless this court expressly authorized it to do so. See, e.g., Bemben v. Chock, 938 So.2d 565, 566 (Fla. 2d DCA 2006) (reversing final summary judgment entered during pendency of interlocutory appeal).
The trial court entered the final judgment in September 2007 and Mr. Robinson filed a timely appeal.[2] He raises seven issues on appeal as to that judgment. Mrs. Robinson concedes that the child support calculation contains an error and that the trial court contradicted itself in its oral pronouncements.
We have reviewed the issues relating to the three nonfinal orders and have concluded that Mr. Robinson is entitled to no relief from this court as to those orders. Because the trial court lacked authority to enter the final judgment, the judgment is reversed and remanded for further proceedings as the trial court deems appropriate.
Affirmed in part, reversed in part, and remanded.
NORTHCUTT, C.J., and LaROSE, J., Concur.
NOTES
[1] This court has consolidated these appeals for purposes of this opinion on its own motion.
[2] Although briefing in nonfinal appeals usually occurs at a rapid pace under rule 9.130, motions and other matters delayed the nonfinal appeal and the reply brief was not filed until September 2008.