VILLANTI, Judge.
These consolidated appeals all arise from a petition for support unconnected with dissolution filed by Shannon Cooper (the Wife) against Vincent D. Cooper (the Husband). In case number 2D10-1102, the Husband appealed the trial court’s order adopting the magistrate’s report and recommendations concerning alimony, child support, and attorney’s fees. In case number 2D10-2903, the Wife appealed the trial court’s subsequent order that denied her request for entry of a final judgment awarding her alimony pursuant to the pri- or order. In case number 2D11-1258, the Wife sought a writ of prohibition to prohibit the trial court from ruling on the Husband’s motion for modification of alimony and child support while the other appeals were pending. The first two cases were previously consolidated for record purposes only, and the prohibition petition *979 was then consolidated with the first two cases. We now consolidate all three cases for purposes of this opinion. For the reasons explained below, we dismiss the Wife’s appeal in case 2D10-2903, reverse the order on appeal in case 2D10-1102, and remand for further proceedings. Based on these rulings, we deny the Wife’s petition in case number 2D11-1258.
Facts
The Husband and Wife were married in May 1997 and spent the majority of their married lives in Florida. Both have doctorates in pharmacy, and the Wife worked as a pharmacist on at least a part-time basis during most of the marriage. In August 2006, the parties moved to Pennsylvania to further the Husband’s career with a large pharmaceutical company. Subsequently, in August 2008, the parties agreed to return to Florida. However, when the time came for the actual move in December 2008, the Husband indicated that he could not go, and the Wife moved to Florida with the children and without the Husband.
On January 27, 2009, the Wife filed a petition for support unconnected with dissolution in Florida, seeking both alimony and child support. Shortly thereafter, the Husband filed a petition for dissolution of marriage in Pennsylvania. Despite the filing of the dissolution petition in Pennsylvania, the parties litigated the Wife’s petition for support in Florida. After an evidentiary hearing, the magistrate issued a report and recommendations awarding alimony, child support, and attorney’s fees to the Wife. On February 8, 2010, the trial court entered an order adopting the report and recommendations of the magistrate, with a minor alteration to the child support award. That order required the child support to be paid by income deduction. The Husband appealed this order by notice dated March 9, 2010, in what became case number 2D10-1102.
In April and May 2009, the Wife filed motions for indirect criminal contempt, apparently in an effort to enforce the alimony award included in the February 8 order. Rather than enforce that award, however, the trial court entered an order on May 17, 2010, which stated that “the State of Pennsylvania has full jurisdiction and should determine ultimate issues relating to alimony and distribution of assets.” Thus, the court concluded that it “will not enter a Final Judgment awarding permanent alimony to the [Wife].” The Wife appealed this order by notice dated June 11, 2010, in what became case number 2D10-2903.
After the trial court refused to enforce the alimony award but before the Wife filed her notice of appeal of that order, the Husband filed a petition seeking to modify both the alimony and child support awards based on an allegedly unforeseen involuntary change in' his circumstances. The Wife moved to dismiss this petition, arguing that the trial court lacked jurisdiction to consider it while the original order awarding alimony and child support was pending on appeal. The trial court denied the Wife’s motion to dismiss, thus allowing the Husband’s petition for modification to go forward. On March 15, 2011, the Wife filed a petition for writ of prohibition in what became case number 2D11-1258, contending that the trial court was acting in excess of its jurisdiction in considering the Husband’s petition for modification while the appeal in case number 2D10-1102 was pending.
We now address the parties’ appeals, not in the order of filing but in the order most conducive to judicial review.
Case 2D10-2903
In the order giving rise to case number 2D10-2903, the trial court denied the Wife’s request for a final judgment awarding permanent alimony, finding that *980 the Wife’s claim for permanent periodic alimony would best be considered in the pending Pennsylvania dissolution action. The effect of this order was to deny the Wife’s petition for support unconnected with dissolution to the extent that it sought permanent alimony, and it is clear from the language of the order that the trial court anticipated that the order would end its judicial labor and that the parties would address the Wife’s permanent alimony claim in the pending dissolution action in Pennsylvania. While not styled as a “final judgment” or “final order,” it is clear from the substance of the order that the trial court intended this order to be final, i.e., to end its judicial labor.[1] See, e.g., Canfield v. Cantele, 837 So.2d 371, 375 (Fla.2002) (defining a final judgment as an order that “ends the litigation between the parties and disposes of all issues involved such that no further action by the court will be necessary”); Fla. Farm Bureau Ins. Co. v. Austin Carpet Serv., Inc., 382 So.2d 305, 306 (Fla. 1st DCA 1979) (noting that while specific words of finality may cast light upon a court’s intent, when an order is “final in form and content,” the failure to employ specific language will not diminish the order’s finality). This final order, however, was entered while the Husband’s appeal of the trial court’s earlier nonfinal order that adopted the magistrate’s report and recommendations was pending. Thus, this purported final order is a nullity by operation of law.
Florida Rule of Appellate Procedure 9.130(f) provides:
In the absence of a stay, during the pendency of a review of a non-final order, the lower tribunal may proceed with all matters, including trial or final hearing; provided that the lower tribunal may not render a final order disposing of the cause pending such review.
(Emphasis added.) As this court has explained:
Pursuant to Florida Rule of Appellate Procedure 9.130(f), a nonfinal appeal does not act as an automatic stay of proceedings in the trial court, but it divests the trial court of the power to “render a final order disposing of the cause pending such review.” Thus, the trial court in this case could conduct a final hearing in the dissolution and even enter an order containing findings and determinations from that hearing, but it could not enter a final judgment while the nonfinal appeal was pending unless this court expressly authorized it to do so.
Robinson v. Robinson, 998 So.2d 1171, 1172 (Fla. 2d DCA 2008).
Here, this court never authorized the trial court to enter a final order disposing of the Wife’s petition while the Husband’s nonfinal appeal was pending. Thus, while the trial court had jurisdiction to proceed with pending matters pertaining to the Wife’s petition for support while the Husband’s appeal was pending, the trial court had no authority to enter a final order disposing of the case until the Husband’s appeal of the prior nonfinal order was no longer pending. Accordingly, the order purporting to finally dispose of the Wife’s claim for permanent alimony is a nullity, *981 and the Wife’s appeal in case number 2D10-290B must be dismissed.
Case 2D10-1102
In case number 2D10-1102, the Husband appeals the February 8, 2010, order adopting the magistrate’s report and recommendations.[2] He raised three issues on appeal, only one of which merits discussion. The Husband contends that the cumulative total • of alimony, child support, and other expenses imposed on him by the trial court’s order adopting the magistrate’s report and recommendations was excessive and thereby constituted an abuse of discretion. Given the facts in the record, we readily agree.
The magistrate’s report and recommendation, as adopted by the trial court, established that the Husband’s gross monthly income, including his prorated annual bonus, was $19,435.99. His net monthly income, again including his prorated annual bonus, was $12,582.99. From this, the trial court ordered the Husband to pay $5000 per month in alimony, $2452 in child support payable to the Wife, $2750 per month for the children’s private school tuition, and $307 per month for the children’s health insurance. These figures total $10,509, or approximately 83.5% of the Husband’s net monthly income. This award, which inarguably consumes an excessive amount of the Husband’s income, constitutes an abuse of the trial court’s discretion. See, e.g., Perez v. Perez, 11 So.3d 470, 473 (Fla. 2d DCA 2009) (reversing award that consumed 86% of husband’s net income); Hotaling v. Hotaling, 962 So.2d 1048, 1051 (Fla. 2d DCA 2007) (reversing award that consumed over 90% of husband’s net income); Vega v. Vega, 877 So.2d 882, 883 (Fla. 3d DCA 2004) (reversing award that consumed 80% of husband’s net income); Dennison v. Dennison, 852 So.2d 422, 423-24 (Fla. 5th DCA 2003) (reversing award that consumed 83% of husband’s net income).
Because the cumulative award constitutes an abuse of the trial court’s discretion, we reverse the order adopting the magistrate’s report and recommendations and remand for the trial court to conduct further proceedings to determine appropriate amounts of alimony and child support given the Husband’s net available income.[3]
Case 2D11-1258
In case number 2D11-1258, the Wife seeks a writ of prohibition directed to the trial court to prohibit it from considering the Husband’s motion to modify alimony and child support while the other two appeals are pending. On its face, the Wife’s petition is not well-taken. Both the Third and Fourth Districts have held that the trial court has jurisdiction over a petition for prospective downward modification of alimony and/or child support even while the appeal of an initial award of alimony and child support is pending because “‘[t]he granting of modification relief prospectively would have no effect on the order being appealed.’ ” Atlas v. Atlas, 708 So.2d 296, 298 (Fla. 4th DCA 1998) (quoting Merian v. Merhige, 690 So.2d 678, 681 (Fla. 3d DCA 1997)) (emphasis added). Holding otherwise would result in the inequitable situation of allowing one party to enforce a judgment on appeal against one wholly unable to pay but also *982 •unable to seek modification due to the vagaries of-the appellate court’s workload. No rule or statute requires such an inequitable result.
In any event, because of our rulings in cases 2D10-1102 and 2D10-2903, jurisdiction will be returned to the trial court upon issuance of mandate, and the trial court will then be required to determine the proper amount of alimony and child support payable by the Husband.[4] We therefore deny the Wife’s petition as unnecessary.
Reversed in part, dismissed in part, and denied in part.
LaROSE, J., Concurs.
CASANUEVA, J., Concurs in part; dissents in part.

. This conclusion is buttressed by the trial court's other orders. The court had already entered an order providing for child support by income deduction, and it had entered a final judgment on the Wife’s claim for attorney's fees. Thus the only matter pending when the trial court entered this order was the Wife’s request for a final judgment on her permanent alimony claim. The trial court’s order states that it would not enter a final judgment “awarding permanent alimony to the Wife.” This is not an abdication of the court's responsibility to rule on the Wife’s petition; it is simply a refusal to grant the Wife the remaining portion of the relief she sought.

. This order is an appealable nonfinal order. See Fla. R.App. P. 9.130(a)(3)(C)(iii).

. We also note that it appears that the magistrate double-counted the Husband’s annual bonus—counting it once toward a determination of the Husband’s monthly income and then awarding it a second time as a lump sum annual payment to the Wife when the bonus was received. On remand, the trial court must ensure that the Husband’s annual bonus income is included only once in its calculations.

. Nothing in this opinion should be construed to prevent the trial court on remand from again deferring the Wife’s claim for perma-nenl alimony to the Pennsylvania court as it fully intended to do.