FORST, J.
The former wife and the former husband are presently involved in litigation with respect to the trial court’s award of support for the former wife. At issue is the trial court’s jurisdiction to entertain the former husband’s post-dissolution of marriage petition for modification of alimony and child support while the former wife’s appeal of the final judgment of dissolution is pending. The former wife filed a. petition for writ of prohibition seeking to prevent the trial court from proceeding with the trial set to address the former husband’s petition.
We deny the petition, concluding that, consistent with Florida Rule of Appellate Procedure 9.600(c), the trial court has jurisdiction of certain family law matters while an appeal is pending. See McPherson v. McPherson, 775 So.2d 973 (Fla. 4th DCA 2000). Specifically, the trial court may conduct a hearing on the modification petition and issue orders consistent with Rule 9.600(c). It may not, however, enter a final judgment disposing of the modification petition until the appeal is final and our mandate issues. Thompson v. Stewart, 569 So.2d 1372 (Fla. 4th DCA 1990); Campbell v. Campbell, 436 So.2d 374 (Fla. 5th DCA 1983); Kalmutz v. Kalmutz, 299 So.2d 30 (Fla. 4th DCA 1974).
*930 Background
The parties stipulated pretrial to equitable distribution of their property. Key trial issues concerned the amount of the former husband’s income and the consequent amount of support to be awarded. The trial court entered a final judgment of dissolution in December, 2012. The former wife appealed the alimony award, arguing that she should have been awarded permanent, rather than durational, alimony.
In May 2013, with the appeal pending, the former husband petitioned to modify the alimony and child support awards. See § 61.14(1)(a), Fla. Stat. (2013). He alleged a substantial change in circumstances with respect to his income.
After the trial court set the modification petition for trial, the former wife petitioned this court for a writ of prohibition, and argued that the pending appeal deprived the trial court of jurisdiction to consider the modification petition. She relies upon Thompson, 569 So.2d at 1372 (granting prohibition relief and quashing the order setting the modification petition for trial while the final judgment was on appeal in the Florida Supreme Court), and Buckley v. Buckley, 343 So.2d 890 (Fla. 4th DCA 1977) (where appeal was pending from order awarding alimony and child support, trial court correctly concluded that it was without jurisdiction to modify). The former husband responded that his petition seeks to modify the support awards prospectively; and, therefore, the modification proceedings will not interfere with the subject matter of the pending appeal. For support, he cites to Joseph v. Joseph, 881 So.2d 66 (Fla. 1st DCA 2004), and Cooper v. Cooper, 69 So.3d 977 (Fla. 2d DCA 2011).
Analysis
Harmonizing the cases, we conclude that the trial court may consider the modification petition incident to its jurisdiction under Rule 9.600(c); however, it may not enter a final judgment disposing of that petition until jurisdiction returns to the circuit court upon conclusion of the former wife’s appeal. We begin with the principle stated by this court in Kalmutz:
[Wjhen the jurisdiction of the appellate court attaches it is exclusive as to the subject covered by the appeal; so that modification of an order under appeal would be beyond the jurisdiction of the trial court from the very innate nature of the appellate jurisdiction and from the very practical viewpoint that there is no order to be modified until the appellate court determines what the order actually is.
Kalmutz, 299 So.2d at 32 n. 1. We then turn to Florida Rule of Appellate Procedure 9.600 which addresses jurisdiction of the lower tribunal pending review. Specifically, subsection (c)(1) speaks to family law matters.
The lower tribunal shall retain jurisdiction to enter and enforce orders awarding separate maintenance, child support, alimony, attorneys’ fees and costs for services rendered in the lower tribunal, temporary attorneys’ fees and costs reasonably necessary to prosecute or defend an appeal, or other awards necessary to protect the welfare and rights of any party pending appeal.
Fla. R. App. P. 9.600(c)(1).[1] Considering the above, this court has consistently recognized the limitation on the trial court’s jurisdiction pending a direct appeal of the final judgment of dissolution. Thompson, 569 So.2d at 1372; Buckley, 343 So.2d at *931 891. Similarly, the Fifth District reversed the trial court’s permanent modification of support awards associated with a judgment of dissolution because the direct appeal of that judgment was pending.[2] Campbell, 436 So.2d at 377 (citing Kalmutz, Buckley, and Rule 9.600(c)).
Campbell recognized that alimony and child support awards are never “permanent” because they are always subject to modification. Nonetheless, they are permanent until modified or until the event which terminates the award occurs. 436 So.2d at 377. Any modification of the judgment while the appeal is in progress “cannot do anything other than interfere with this court’s jurisdiction and thus impinge upon the appellate court’s power and authority to decide the issues presented to it by the appeal.” Id. (internal citations omitted). Though it set aside the permanent modification order, the Fifth District commented that once jurisdiction returned to the trial court, it could enter the modification order retroactive to the date on which it was filed. Id.
Citing Rule 9.600(c), we have noted “[wjhen the trial court temporarily alters the provisions in the final judgment for the purpose of protecting the welfare or rights of a party pending appeal, the terms of the judgment are not affected.” Goodman v. Goodman, 664 So.2d 975, 975 (Fla. 4th DCA 1995) (emphasis added); see also McPherson, 775 So.2d at 974 (holding that the trial court has the power to award “temporary alimony” pending appeal “if it finds that it is ‘necessary to protect the welfare and rights’ ” of the movant in that timeframe”) (emphasis added).
Conclusion
We note Judge Cowart’s cogent dissent in Campbell which posits that courts unwilling to entertain modification to support orders pending appellate review fail to appreciate the “facts of life” and
a later “modification” of a prior adjudication of support upon a changed factual circumstance does not modify or change the prior adjudication in the retroactive and ab initio manner of an appellate court reversal which determines that the prior adjudication was erroneous from its entry on the facts upon which it was based.
Campbell, 436 So.2d at 378 (Cowart, J., dissenting). The dissent further noted that
[ajppellate review of the original adjudication, or any prior adjudication of support is not concerned with, nor affected by, any subsequent trial court adjudication of support based on another subsequent and different set of facts. Nor is any subsequent “modification” proceeding based on the theory that the prior adjudication was incorrect, which is the question involved in any appeal of a prior adjudication. To the contrary, the subsequent modification proceeding is neutral and indifferent as to the legal correctness of the prior adjudication and correctly proceeds on the theory that, whether or not the prior adjudication was correct on the facts then found and adjudicated, those facts have now changed and the present factual circumstances differ so substantially and materially from those underlying the prior adjudication that a different level of support is warranted as to the future.
Id. at 379.
Judge Cowart’s reasoning is consistent with the former husband’s argument that he is not seeking to modify the past alimony award currently on appeal, but rather only future sums. Notwithstanding, we *932 conclude that Rule 9.600(c) controls this issue. The trial court’s jurisdiction is limited pending appeal of the judgment that is the subject of the modification petition.[3]
As the former wife has not demonstrated that the trial court will exceed its jurisdiction under Rule 9.600(c) in considering the former husband’s claim of a substantial change in circumstances, we deny her petition for writ of prohibition. As outlined, the trial court can consider the former husband’s petition and, if appropriate, fashion a temporary order which may be revisited or reduced to permanent rulings once the pending direct appeal has been disposed of by this court.

Petition denied.

MAY and CONNER, JJ., concur.

. A 1994 amendment to subdivision (c) authorized the lower tribunal to award temporary appellate attorneys' fees, suit money, and costs.

. The court concluded that the former husband demonstrated a substantial change of circumstances in that he had been partially unemployed subsequent to the final judgment and had later become employed at a substantially reduced salary.

. We note former husband's reliance on Cooper, but view the court's jurisdictional comments as dicta and its references to Atlas v. Atlas, 708 So.2d 296, 298 (Fla. 4th DCA 1998) and Merian v. Merhige, 690 So.2d 678, 681 (Fla. 3d DCA 1997), curious as those cases were not similarly postured. They addressed pending appeals of post-judgment contempt orders.